IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A.A.T., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY DETENTION, <br><br> Respondent. | Civil No. 1:26-cv-04974-MWJS <br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE <br><br> A# 221-370-642 |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE</u>

Petitioner Marco A.A.T.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

Petitioner entered the country without inspection in approximately October 2022.

*Marco A.A.T. v. Cal. City Corr. Ctr.*, No. 1:26-cv-03194-MWJS, 2026 WL 1736084, at *1

(E.D. Cal. June 15, 2026).  Following an arrest by local law enforcement in March 2026,

Petitioner was transferred to the custody of U.S. Immigration and Customs

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Enforcement (ICE).  *Id.*  ICE then commenced removal proceedings against Petitioner pursuant to 8 U.S.C. § 1229a.  *Id.*

Petitioner previously filed a habeas petition arguing that he was entitled to a bond hearing under 8 U.S.C. § 1226(a).  *Id.*  The court granted the petition in part, and Petitioner received a bond hearing on June 22, 2026.  *See* Status Report, *Marco A.A.T.*, No. 1:26-cv-03194-MWJS (E.D. Cal. June 22, 2026), Dkt. No. 19.  At the conclusion of that hearing, an immigration judge denied Petitioner's request for a change in custody status.  *Id.*

The next day, Petitioner signed the petition now before the court.  Dkt. No. 1, at pg. 8.  In this petition, Petitioner argues that his detention is unlawful because it has spanned more than three months.  *Id.* at pgs. 6–7.

As the court has already concluded, Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a).  *Marco A.A.T.*, 2026 WL 1736084, at *1.  Section 1226(a) authorizes the government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008).  Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the

United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified).  In *Zadvydas*, the Supreme Court also stated that a six-month period of detention is presumptively reasonable.  533 U.S. at 701.

Here, Petitioner's current detention is presumptively reasonable because it has not exceeded four months, let alone six.  *See Santibanez Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-cv-00547 DJC SCR, 2026 WL 947251, at *2 (E.D. Cal. Apr. 8, 2026) ("[P]etitioner's roughly three-month detention under § 1226(a) is neither prolonged nor indefinite.  It has yet to exceed the presumptively reasonable six-month period of detention identified by the Supreme Court in [*Zadvydas*]."), *report and recommendation adopted sub nom. Vazquez v. Warden of Cal. City Corr. Ctr.*, No. 2:26-cv-00547 DJC SCR, 2026 WL 1147428 (E.D. Cal. Apr. 27, 2026); *see also Prieto-Romero*, 534 F.3d at 1065 (concluding that detention spanning more than three years, "while lengthy, [was] not indefinite").  And petitioner has not otherwise provided good reason to believe that his relatively short period of detention is not reasonably necessary to bring about his removal.

Should his circumstances materially change, Petitioner may request another bond redetermination hearing before an immigration judge.  *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  Petitioner may then seek review of any bond redetermination decision by the Board of Immigration Appeals (BIA).  *See* 8 C.F.R. 1003.19(f); *Rodriguez Diaz*, 53 F.4th at 1197.  In general, Petitioner

must exhaust his administrative remedies prior to seeking relief in federal court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("[Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."); *Clifton F. v. Warden, Cal. City Corr. Facility*, No. 1:26-cv-03398-MWJS, 2026 WL 1407948, at *2 (E.D. Cal. May 19, 2026) ("A noncitizen challenging an IJ's adverse bond determination must appeal that determination to the BIA before seeking habeas review.").

The court therefore DENIES the petition without prejudice. Considering the foregoing, any outstanding motions are DENIED without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: July 2, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-04974-MWJS; *Marco A.A.T. v. Warden, California City Detention*; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE